UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREEPB.ORG, <br><br> Plaintiff, <br> v. <br> CITY OF SAN DIEGO, <br><br> Defendant. | Case No. 3:12-cv-0044-GPC-MDD <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> **[ECF NO. 24]** |

Before the Court is Defendant's Motion to Dismiss Plaintiff's SAC ("Motion"), (ECF No. 24), which has been fully briefed, (ECF Nos. 20, 21), and which the Court finds suitable for disposition without oral argument, see CivLR 7.1.d.1. After a careful consideration of the parties' submissions and the record in this matter, and for the following reasons, the Court hereby **GRANTS** Defendant's Motion and **DISMISSES WITH PREJUDICE** Plaintiff's remaining causes of action.

/ / /

/ / /

# BACKGROUND[1]

The background of this case, including the relevant provisions of the San Diego Municipal Code ("SDMC"), is fully set forth in Judge Anello's and this Court's prior orders. (See ECF Nos. 14, 22.)

In short, Plaintiff wishes to hold an event on San Diego beaches that will shed light on Defendant's policies regarding access to the beaches, including the ban on alcohol at city beaches. Plaintiff's event will involve the consumption of alcohol, will require a donation to attend, and will involve some display of fireworks. Plaintiff has thus far been unable to obtain the required permit to hold its event. Plaintiff thus challenges section 63.0103 of the SDMC—the so-called summer moratorium—that bars the grant of all space reservations in Mission Bay Park during certain months of the year without a waiver or an exemption. Space reservations are required to submit special event permit applications. Special event permits are required for events involving alcohol and some fireworks displays.

Plaintiff filed its initial complaint on January 6, 2012. (ECF No. 1.) Prior to this case's transfer to this Court, Judge Anello granted Defendant's Motion to Dismiss Plaintiff's initial complaint on July 25, 2012. (ECF No. 14.) Plaintiff thereafter filed its First Amended Complaint ("FAC"). (ECF No. 15.) This Court granted Defendant's Motion to Dismiss Plaintiff's FAC on February 7, 2013, and gave Plaintiff leave to amend so that Plaintiff could plausibly allege it had standing to assert an as-applied

---

[1] In support of, and in opposition to, Defendant's Motion, the parties each submitted requests for judicial notice. Defendant's request is denied as moot because the Court need not take judicial notice of the facts contained therein (e.g., what has been filed in this matter, SDMC provisions) and/or because the Court does not rely on the facts contained therein. Plaintiff's request is denied because Plaintiff has not provided citation to a source whose accuracy cannot be reasonably questioned. See Fed. R. Evid. 201.

Plaintiff has also submitted a declaration in opposition to Defendant's Motion, detailing the actions Plaintiff's members have taken in response to the challenged ordinance. Defendant has objected to the Court's consideration of this declaration in deciding Defendant's Motion. Defendant's objection is sustained. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) ("As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," unless such material is submitted as part of the complaint or is subject to judicial notice).

challenge to the summer moratorium ordinance. (ECF No. 22.) Plaintiff then filed its Second Amended Complaint ("SAC"). (ECF No. 23.)

The SAC is identical to the FAC except that Plaintiff removed its equal protection claim (which this Court dismissed with prejudice) and added new allegations at paragraphs 18-26. Plaintiff alleges in these new paragraphs that the summer moratorium ordinance is a form of speaker and content-based discrimination because there is no reasonable basis to exempt the events that have been grandfathered in under the ordinance. (ECF No. 23 at ¶ 19.) Plaintiff further alleges "the director of Defendant's park and recreation department told Plaintiff that she did not care what the Mission Bay Advisory Committee recommended to her concerning an event sponsor's waiver request . . . because she would approve or deny the request as she deemed appropriate." (Id. at ¶ 20.) Plaintiff also alleges it

> has been informed by at least one representative of Defendant . . . that Plaintiff's opposition to the City's policy banning all consumption of alcohol on the City's beaches is the primary reason why Defendant will not give Plaintiff a special event permit for any event it holds involving any consumption of alcohol whatsoever unless it is confined to a "beer garden" (which is not compatible with the event Plaintiff seeks to hold.

(Id. at ¶ 21.)

Plaintiff further alleges that

> one representative of Defendant has indicated to Plaintiff that the Summer Moratorium was enacted, and that Plaintiff's events were excluded from the list of exempt special events, in order to punish Plaintiff for its prior opposition to enactment of a City-wide ban on the consumption of alcohol at the City's beaches.

(Id. at ¶ 23.)

Plaintiff alleges that, on at least two occasions within the last eighteen months, Defendant has delayed issuing denials of Plaintiff's applications for special event permits and then later argued that Plaintiff's constitutional challenge to the ordinance was moot because the date of Plaintiff's event had already passed. (Id. at ¶ 24.)

Plaintiff alleges it "desires to hold special events that promote the reasonableness of allowing responsible adults to enjoy the City's beaches in a variety of ways . . . that

include the consumption of alcohol." (Id. at ¶ 25.) Plaintiff claims that "[p]art of the purpose of some of Plaintiff's events is to demonstrate that it is possible for adults to responsibly enjoy alcoholic beverages," thereby disproving the claim that it is impossible for responsible adults to do so. (Id.)

### DISCUSSION

**I.    Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658.

## II.    Analysis

In dismissing Plaintiff's FAC, the Court granted Plaintiff leave to file a SAC for the purpose of alleging facts that would plausibly demonstrate Plaintiff has standing to assert an as-applied challenge. Plaintiff has failed to do so.

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. Art. III § 2. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Three elements are required to establish standing: (1) the plaintiff must have suffered an injury in fact, i.e., an invasion of a legally protected interest, which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of must be fairly traceable to the challenged action of the defendant; and (3) it must be likely that the injury will be redressed by a favorable decision. Id.

"A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." <u>Babbitt v. United Farm Workers Nat'l Union</u>, 442 U.S. 289, 298 (1979).  When challenging a statute, "it is sufficient for standing purposes that the plaintiff intends to engage in a course of conduct <u>arguably affected with a constitutional interest</u> and that there is a credible threat that the challenged provision will be invoked against the plaintiff." <u>Ariz. Right to Life Political Action Comm. v. Bayless</u>, 320 F.3d 1002, 1006 (9th Cir. 2003) (internal quotation marks omitted & emphasis added).  That is, a plaintiff must demonstrate the challenged ordinance "would be enforced against it <u>for engaging</u> in activities protected by the First Amendment." <u>Santa Monica Food Not Bombs v. City of Santa Monica</u>, 450 F.3d 1022, 1034 (9th Cir. 2006) (emphasis added); <u>see also Ka'ahumanu v. Hawai'i</u>, 682 F.3d 789, 802 (9th Cir. 2012) (holding plaintiff had standing because of a "sufficient nexus" between permitting regulations and protected activity).

Plaintiff's SAC contains no new allegations that would confer standing on Plaintiff to bring a facial or as-applied challenge to the summer moratorium ordinance. Plaintiff has failed to plausibly allege anything that would connect what Plaintiff asserts is expressive conduct to the summer moratorium ordinance.  Plaintiff's allegations make clear that the primary reason the special event permit requirement applies to Plaintiff's event is because Plaintiff intends to have alcohol at its event. Were Plaintiff not to have alcohol at its event, Plaintiff would be free to engage in what it alleges is expressive conduct without being subject to the ordinance it now challenges.  The Court therefore **GRANTS** Defendant's Motion to Dismiss Plaintiff's SAC in its entirety.

Because Plaintiff has failed on this second opportunity to plausibly allege it has standing to challenge the summer moratorium ordinance, the Court finds it would be futile to grant plaintiff leave to amend.  Accordingly, Count 1 and Count 2 of the SAC are **DISMISSED WITH PREJUDICE**.  The Clerk of Court shall enter judgment

accordingly.  The hearing on Defendant's Motion to Dismiss, currently set for April 26, 2013, is **VACATED**.

**SO ORDERED.**

DATED:  April 25, 2013

HON. GONZALO P. CURIEL
United States District Judge